UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SUREN NAZARYAN,

                          PLAINTIFF,        **AMENDED COMPLAINT**

        -AGAINST-                         14 CV 6005 (ILG)(RER)

NEW YORK CITY, POLICE OFFICER PATRICK
O'NEIL, POLICE OFFICER MICHAEL KOVALIK, and
POLICE OFFICER JOHN DOE, individually, and in their
capacity as members of the New York City Police
Department,

                        DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Suren Nazaryan ("Mr. Nazaryan") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about October 1, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Nazaryan to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Nazaryan, is 42-years-old and at all times here relevant resided at 2957 Brighton 1st Street, Brooklyn, NY 11235.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Patrick O'Neil ("PO O'Neil"), Police Officer Michael Kovalik ("PO Kovalik"), and Police Officer John Doe ("PO John Doe") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Nazaryan is originally from Russia and has been a permanent resident in the United States for approximately fifteen years.

11. On or about September 2013, Mr. Nazaryan and his wife Elena agreed to store some possessions in their spare room for an acquaintance, Mr. Tekhnyeyev.

12. Mr. Tekhnyeyev was going through a divorce and needed somewhere to store his personal belongings.

13. On or about September 30, 2013, Mr. Tekhnyeyev called Mr. Nazaryan to inform him that he was coming to pick up his possessions.

14. Mr. Nazaryan requested that Mr. Tekhnyeyev arrive before 11:00 pm.

15. Mr. Tekhnyeyev called Mr. Nazaryan to inform Mr. Nazaryan that he was going to be late.

16. Mr. Nazaryan requested that Mr. Tekhnyeyev come another time if he could not arrive before 11:00 pm.

17. At approximately 4:00 am on October 1, 2013, Mr. Tekhnyeyev arrived outside Mr. Nazaryan's apartment with two other men.

18. Mr. Tekhnyeyev was shouting loudly and, upon information and belief, was drunk.

19. Elena opened the gate for Mr. Tekhnyeyev to enter the front yard.

20. Elena felt uncomfortable allowing Mr. Tekhnyeyev into her apartment.

21. Mr. Nazaryan and Elena requested that Mr. Tekhnyeyev return the next day.

22. Mr. Tekhnyeyev proceeded to bang loudly on the front door of the apartment.

23. Mr. Nazaryan was concerned and called the police.

24. Several police officers arrived, including PO O'Neil, PO Kovalik and PO John Doe.

25. The police officers spoke to Mr. Tekhnyeyev.

26. The police officers then aggressively demanded that Mr. Nazaryan open his door.

27. Mr. Nazaryan was concerned and explained that he would allow Mr. Tekhnyeyev to collect his possessions the next day.

28. The police officers starting shouting and swearing at Mr. Nazaryan.

29. The police officers then smashed open Mr. Nazaryan's door and entered Mr. Nazaryan's home without consent.

30. PO O'Neil, PO Kovalik and PO John Doe tackled Mr. Nazaryan to the floor face down.

31. PO O'Neil, PO Kovalik and PO John Doe started to punch and kick Mr. Nazaryan about his body.

32. Mr. Nazaryan was handcuffed behind his back and dragged up a flight of stairs.

33. The police officers then dragged Mr. Nazaryan to the police car.

34. Mr. Nazaryan was bleeding from his head, face and knees.

35. Mr. Nazaryan was taken to the 60th precinct.

36. While at the precinct, Mr. Nazaryan was in great pain and requested medical attention.

37. Mr. Nazaryan was taken to Coney Island Hospital, but was returned to the precinct after approximately two hours.

38. At the precinct Mr. Nazaryan was again in a great deal of pain and requested medical attention.

39. Mr. Nazaryan was told that he would delay proceedings if he went back to the hospital.

40. Mr. Nazaryan again requested medical attention.

41. Mr. Nazaryan was taken back to Coney Island Hospital.

42. After several hours, Mr. Nazaryan was taken back to the precinct, then to Central Bookings.

43. Mr. Nazaryan was held overnight at Central Bookings.

44. On or about October 2, 2014, Mr. Nazaryan was arraigned and charged with Criminal Trespass, Criminal Mischief, Petty Larceny, Criminal Possession of Stolen Property, Resisting Arrest, Unlawful Eviction and Trespass.

45. On or about October 3, 2013, Mr. Nazaryan went to Beth Israel Medical Center, where he was diagnosed with a fractured rib, hematuria (blood in urine) and cystitis (a lower urinary tract infection).

46. Mr. Nazaryan had to attend court on numerous occasions.

47. On or about May 21, 2014, Mr. Nazaryan agreed to an Adjournment Contemplating Dismissal.

48. Mr. Nazaryan continues to feel traumatized by the events of October 2013, and is wary and fearful when he sees police officers.

49. Mr. Nazaryan takes efforts to avoid police officers when in public.

50. Mr. Nazaryan suffered physical injuries as a result of this incident, including a fractured rib, hematuria, cystitis, and cuts, scrapes and bruising to his arms, legs, torso, head and face.

51. Mr. Nazaryan suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

54. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

55. Defendants confined plaintiff.

56. Plaintiff was aware of, and did not consent to, his confinement.

57. The confinement was not privileged.

58. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

59. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

61. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

62. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

63. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

64. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

65. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

66. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

67. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 – Unreasonable and Unlawful Search and Entry)

68. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

69. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

70. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants entered and searched plaintiff's private home and

possessions without a valid warrant, without consent, without probable cause and without privilege.

71. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**JURY DEMAND**

72. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         January 20, 2015

By:   /s/
      Duncan Peterson (DP 7367)

      PetersonDelleCave LLP
      Attorney for Plaintiff
      233 Broadway, Suite 1800
      New York, NY 10279
      (212) 240-9075

8

ECF CASE:  14 CV 6005 (ILG) (RER)

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
|---|
| SUREN NAZARYAN,<br><br>                                          PLAINTIFF,<br><br>                    -AGAINST-<br><br>POLICE OFFICER PATRICK O'NEIL, POLICE OFFICER MICHAEL KOVALIK, and POLICE OFFICER JOHN DOE, individually, and in their capacity as members of the New York City Police Department.<br><br>                                          DEFENDANTS |
| **AMENDED COMPLAINT** |
| **PETERSONDELLECAVE LLP**<br><br>Attorney for Plaintiff<br><br>*Woolworth Building*<br>*233 Broadway, Suite 1800*<br>*New York, N.Y.  10279*<br>*Tel:  (212) 240-9075* |